

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-16-00566-CR

**EX PARTE GEORGE RODRIGUEZ, JR.**

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 14-03-11476-CR
The Honorable Camile G. Dubose, Judge Presiding

Opinion by:  Sandee Bryan Marion, Chief Justice

Sitting:  Sandee Bryan Marion, Chief Justice
Marialyn Barnard, Justice
Patricia O. Alvarez, Justice

Delivered and Filed:  January 11, 2017

AFFIRMED

During trial, after three State witnesses testified in violation of an order granting a pre-trial motion in limine, the trial court granted defense counsel's motion for mistrial.  The trial court, however, found that the State did not provoke the mistrial.  Appellant, George Rodriguez, then filed an application for writ of habeas corpus asserting double jeopardy barred his re-trial.  The trial court denied the application, and appellant now appeals.  We affirm.

## BACKGROUND

Appellant was indicted on one count alleging aggravated sexual assault of a child and one count alleging indecency with a child.  The alleged offenses were committed against the same child.[1]  Prior to trial, the State filed a motion in limine, which included the following request:

---

[1] The child-complainant will be identified by her initials, V.R.

INDECENCY WITH CHILD OR SEXUAL ASSAULT OF ADDITIONAL VICTIMS; That the Court instructs counsel for the defense and all defense witnesses not to inform the venire panel or any member thereof or the jury without leave of court of any other victims. This would have no relevancy to the case at hand [sic] only to confuse and mislead the jury.

The trial court granted the motion, a jury was selected, and trial commenced.

The first three witnesses called by the State before the trial court declared a mistrial testified as follows. On direct examination, the first witness, Brooke Bader, testified she was an investigator for the Department of Family and Protective Services when appellant called in a report that another man, "Billy," had allegedly sexually abused one or more of eight children. Bader testified about how she spoke with all but one of the children, including V.R. Bader said V.R. denied any sexual abuse, but Bader referred V.R. for a forensic interview because "[o]ne of the other children did make an outcry . . .." When asked again why she sent V.R. for a forensic interview, Bader replied, "Because another child in the home did make an outcry and [V.R.] had told Mrs. [R.] prior to that, she was sexually abused." At this point, defense counsel objected that the State had violated its own motion in limine, counsel requested that the jury be instructed, and he asked for a mistrial. The trial court sustained the objection, but declined to instruct the jury because the court believed the only alleged perpetrator was "Billy," appellant was not associated with the allegations against "Billy," and any instruction might cause the jury to associate appellant with the allegations against "Billy."

Bader went on to testify that her investigation ruled out the allegations against "Billy," but validated allegations of sexual abuse of V.R. by appellant. On cross-examination by defense counsel, the following occurred:

> Q: So you reported, didn't you Brooke, that there were — there was not only this finding of reason to believe that you reported involving [appellant], true?
> A. Yes.
> Q. There was also reason to believe something else. What was that? Involving Jennifer [V.R.'s mother].

A. Yes, another child — I mean, I'm going to bring up another child.

Defense counsel: I'm not asking about — I'm not asking about —
Prosecutor: Okay.

A. So yes, Jennifer was validated for neglectful supervision of another child because that child made an outcry and Jennifer never did anything about it and continued to allow her in an environment that was detrimental to her well-being.

Defense counsel then objected that the answer was not responsive, but counsel did not object on the ground that the answer may have violated the order in limine.

The second witness, Wayne Springer, testified he was the chief investigator for the District Attorney's Office. During cross-examination, defense counsel asked Springer why he went to appellant's house, and Springer responded that he was asked to assist in the case and "we did a search warrant for a specific item that we went to look for on a separate case." When asked what the item was, he said a phone. At this point, the prosecutor asked to approach the bench because Springer was "getting into information about another child." The prosecutor explained, outside the jury's presence, that the search warrant was issued in the case of another child, and not V.R.'s case. The trial court sustained the State's objection and cautioned "[i]f we go any further then that door will be open." Defense counsel insisted the cases were not investigated separately, the allegations came from Jennifer and not the other child, a single investigation led to the indictment against appellant, and the details of the phone went to the credibility of another alleged victim.

Later, during re-cross-examination by defense counsel, the following questioning occurred:

Q. Now I'd like you to repeat if you would, what you said in response to [the prosecutor's] question about what your involvement in this case was and what did you do.
A. In [V.R.'s] case I watched the DVD on the forensic interview and gave direction to the investigator that was sitting with me while we watched it and later on after it was all done, I took a statement from Jennifer, the mother, to kind of log in the timeline because . . . it wasn't there at the time.

Q. Then why were you at [appellant's] house?
A. That was on another victim.

Defense counsel then asked to approach the bench and excuse the jury. Counsel objected that Springer's answer was not responsive to his question because the response simply should have been that Springer was at appellant's house to execute a search warrant. Counsel asserted the answer violated the order in limine. The trial court overruled the objection, stating it did not see the relevance of the question. However, the trial court cautioned everyone, including Springer, not to open the door to the other investigation. No further questions were asked of Springer.

The State's third and final witness, was V.R.'s mother, Jennifer. During cross-examination, defense counsel asked Jennifer why she left her marriage with appellant and she responded, "He had already sexually abused my daughter — daughters but he did . . .." Defense counsel asked to approach the bench outside the jury's presence. Defense counsel asserted the State should have counseled its witnesses to not discuss allegations regarding another child and the jury was now so poisoned that an instruction would not provide any relief. The State argued it did counsel its witnesses, and it was the defense and not the State who continued to ask questions that elicited testimony about another child. The trial court stated its belief that Jennifer's answer "was a deliberate interjection of daughter in the form of plural [sic], knowing that that is not something that should be discussed." The trial court granted defense counsel's request for a mistrial but stated on the record

> from the Court's observation of the proceedings and all the parties involved, that the State did not deliberately seek to have that information admitted or it did not appear that [the State] instructed [its] witness to testify to what she testified to, but nonetheless, there is harm and the Court will grant the mistrial.

Appellant filed an application for writ of habeas corpus asserting double jeopardy barred his re-trial, which the trial court denied. This appeal ensued.

**STANDARD OF REVIEW**

In reviewing a trial court's decision to grant or deny habeas corpus relief, we will uphold the trial court's ruling absent an abuse of discretion. *Ex parte Peterson*, 117 S.W.3d 804, 819 (Tex. Crim. App. 2003) (per curiam), *overruled on other grounds by Ex parte Lewis*, 219 S.W.3d 335 (Tex. Crim. App. 2007). Therefore, in determining whether a trial court has abused its discretion, we view the evidence in the light most favorable to the trial court's ruling. *Id.* In conducting our review, we afford almost total deference to the trial court's determination of the historical facts that are supported by the record, particularly when those fact findings are based on the court's evaluation of credibility and demeanor. *Id.* However, if the resolution of the ultimate question turns on an application of legal standards, we review that determination de novo. *Id.*

**DOUBLE JEOPARDY**

Appellant contends the State either failed to admonish its witnesses, or failed to properly admonish its witnesses, about the order in limine. Appellant asserts the behavior of the witnesses—particularly those witnesses who were present during the bench conferences—is attributable to the State; therefore, the State provoked the mistrial.

A defendant may not be twice put in jeopardy for the same offense. U.S. CONST. amend. V; TEX. CONST. art. I, § 14; *Arizona v. Washington*, 434 U.S. 497, 503 (1978). When a jury is empaneled and sworn, jeopardy attaches. *Hill v. State*, 90 S.W.3d 308, 313 (Tex. Crim. App. 2002). When jeopardy attaches, a mistrial declared over the defendant's objection ordinarily bars further prosecution of the same offense. *Ex parte Garza*, 337 S.W.3d 903, 909 (Tex. Crim. App. 2011). However, double jeopardy does not bar the subsequent prosecution of the same offense when the mistrial is declared either with the defendant's consent or when it arises from a manifest necessity. *Hill*, 90 S.W.3d at 313. Also, in cases where a defendant has successfully moved for a mistrial based on prosecutorial misconduct, a retrial is not barred by double jeopardy unless the

conduct in question was committed with the intent to provoke the defense into requesting a mistrial or with the intent to avoid an acquittal. *Ex parte Lewis*, 219 S.W.3d at 370-71. Here, appellant asserts prosecutorial misconduct provoked his request for a mistrial, thus invoking double jeopardy. The burden is on appellant to prove his double jeopardy allegations by a preponderance of the evidence. *Ex parte Coleman*, 350 S.W.3d 155, 160 (Tex. App.—San Antonio 2011, no pet.).

Trial courts are in the best position to determine whether a prosecutor's conduct shows an intent to cause a mistrial. *Ex parte Lewis*, 219 S.W.3d at 362. For this reason, we defer "to the trial court's assessment of the facts, including the prosecutor's state of mind." *Ex parte Wheeler*, 203 S.W.3d 317, 324 (Tex. Crim. App. 2006). In this case, although another alleged victim was mentioned several times during the testimony of three different State witnesses, each complained-of statement by the witness came during questioning by defense counsel.[2] The trial court apparently believed the State's contention that it admonished its witnesses, especially Jennifer, to not discuss other children. Viewing the evidence in the light most favorable to the trial court's ruling, as we must, and deferring to the trial court's assessment of the prosecutor's state of mind, we hold the trial court's findings that the State did not deliberately seek to have the improper testimony admitted and the State did not instruct its witnesses to testify on the prohibited allegations are supported by the record. Therefore, the trial court did not abuse its discretion by denying appellant's application for writ of habeas corpus.

---

[2] With the exception of Bader's first reference to another child during direct examination, which the trial court believed was made in the context of allegations against "Billy."

## CONCLUSION

We overrule appellant's issue on appeal and affirm the trial court's order denying appellant's application for writ of habeas corpus seeking relief from double jeopardy.

Sandee Bryan Marion, Chief Justice

Do not publish